MARY WENZEL, Plaintiff, *v.* CHARLES WENZEL, Defendant.

Supreme Court, Suffolk County, June 9, 1938.

*John Clark Toaz*, for the plaintiff.

*John Todd Stuart*, for the receiver.

*Hilary Corwin*, for Roy K. Davis, successful bidder.

HOOLEY, J. A receiver was appointed herein, pursuant to section 1171 of the Civil Practice Act. In order to make the alimony payments under the order appointing him he made application to the court for leave to sell a portion of the defendant's real estate. Such leave was granted, a sale was held, and the respondent was the purchaser at the sale. The respondent subsequently refused to take title on the ground that the order decreeing the sale did not require publication of the notice thereof in accordance with section 986 of the Civil Practice Act. This motion is made to compel said purchaser to take title.

The pertinent part of section 986 is as follows: " A *sale of real property* made in pursuance of a judgment *in an action affecting the title to, or the possession of, enjoyment or use of real property,* must be at public auction, to the highest bidder. *Notice of such sale must be given by the officer making it, as prescribed for the sale by a sheriff of real property by virtue of an execution,* unless." (Then

follows method of advertising if the property is in a city or a first class village, which is not the case herein.) The method prescribed for the sale by a sheriff, which is the method respondent claims should have been followed, is set forth in section 712 of the Civil Practice Act. This includes publishing for six weeks, which it is conceded was not done here.

It is readily apparent from a reading of section 986 aforesaid and of the heading to article 62, of which section 986 is a part, that the section clearly refers to *real property actions;* that is, *actions* affecting the *title* to, or the *possession* of, *enjoyment* or *use* of real property.

Section 1171 aforesaid is part of article 70 of the Civil Practice Act which bears the heading: " Matrimonial actions; provisions applicable to two or more." The action at bar was a *matrimonial action* in which a judgment was rendered in favor of plaintiff wife, and hence the court is of the opinion that the provisions of section 986 have no application.

If the Legislature had intended that section 986 aforesaid should apply to sales under section 1171 it could have so provided by appropriate language. It is not for the court to legislate such an amendment where the section seems otherwise to provide for a judicial sale by the receiver upon such terms and conditions as may be prescribed by the court.

As a matter of fact, the Legislature probably had in mind the long delay that would follow if it provided for a sale pursuant to section 986, and when it is considered that section 1171 was enacted for the benefit of a wife and children who were entitled to support and maintenance by order or judgment of the court, the omission seems deliberate.

The order of the court directing the sale herein was in all respects complied with. Motion granted.